(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                   :
NESEA CONSTRUCTION, INC.,          :
                                   :
            Plaintiff,             :      Civil No. 03-2111 (RBK)
                                   :
      v.                           :      **OPINION**
                                   :
THE BILCO COMPANY,                 :
                                   :
            Defendant.             :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by counterclaim defendant Harold L. Swindell III ("Swindell") to dismiss certain declaratory judgment counterclaims asserted against him by counterclaim plaintiff The Bilco Company ("Bilco") for failure to state a claim and lack of subject matter jurisdiction. For the reasons set forth below, Swindell's motion will be granted.

**I. BACKGROUND**

On December 30, 2005, plaintiff NESEA Construction, Inc. ("NESEA") filed an Amended Complaint against Bilco, alleging infringement of U.S. Patent No. 6,167,659. Bilco filed counterclaims and joined Swindell and others as counterclaim defendants. Bilco claims that Swindell is the inventor of the patent and currently a consultant to another of the counterclaim defendants (Bilco Am. Answer ¶ 17.) Bilco's counterclaims include three counts for relief: (1)

declaratory relief of patent invalidity (Bilco Am. Answer ¶¶ 21-27); (2) inequitable conduct during prosecution of the patent (Id. ¶¶ 28-30); and (3) tortious interference with prospective economic advantage (Id. ¶¶ 31-44.)  On each of these counts, Bilco seeks relief including declaratory judgment that the patent is unenforceable, that the counterclaim defendants are barred from filing suit for patent infringement, and that the counterclaim defendants are barred from threatening others with patent infringement litigation.  Swindell seeks to dismiss the first two counts against him; he does not challenge the tortious interference counterclaim, which unlike the first two counts, seeks monetary damages as well.

## II.  STANDARD

Declaratory judgments are sought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  Under this Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

The Federal Circuit has developed a mechanism for determining whether an "actual controversy" exists in an action where declaratory judgment is sought to determine patent rights:

> [I]n patent litigation there has evolved a pragmatic two-part test for determining declaratory justiciability.  There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.  The element of threat or reasonable apprehension of suit turns on the conduct of the patentee, while the infringement element depends on the conduct of the asserted infringer.  The purpose of the two-part test is to determine whether the need for judicial attention is real and immediate, or is prospective and uncertain of occurrence.

BP Chemicals Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993) (citations omitted).

### III. ANALYSIS

In this matter, Swindell claims to have assigned all rights to the patent in question to NESEA (Swindell Br. Swindell Decl. ¶ 3.)  Bilco does not dispute this assertion.  Swindell argues that since he has no interest in the patent in question, there can be no actual controversy between himself and Bilco, as Swindell lacks standing to bring suit for any alleged infringement of the rights afforded by the patent.

The first prong of the two-part test set forth by the Federal Circuit in BP Chemicals necessarily leads to the outcome that declaratory judgment barring enforcement of a patent cannot be sought against one who lacks the ability to enforce the patent in the first place.  Indeed, in the case of Swindell, there cannot be said to be an "explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit," id. at 978, as Swindell is not in fact the patentee.  In cases involving similar circumstances, courts have held likewise.  See Fina Research S.A. v. Baroid Drilling Fluids, Inc., No. 96-1137, 1996 U.S. App. LEXIS 24233, at *6-*7 (Fed. Cir. Sept. 16, 1993) (holding that since a party had "no legal interest in the patents in suit that would entitle [it] to bring suit on the patents . . . it is clear that there is no 'case of actual controversy'"); EMS-American Grilon, Inc. v. DSM Resins, Inc., No. 89-2190, 1989 U.S. Dist. LEXIS 17352, at *3-*4 (D.N.J. Oct. 5, 1989) ("[W]hen a party divests itself or all of its interest in a patent . . . that same party does not retain a sufficient stake in the outcome of an infringement controversy to require it to remain as a defendant to the action, and that no case or controversy can be said to exist between the parties.").

Bilco asks this Court to look beyond the fact that Swindell retains no legal interest in the patent.  Bilco claims that "Swindell has continually acted with an intent to enforce the patent-in-

suit, including threatening litigation." (Bilco Br. at 4.) Bilco further contends that "Swindell's conduct is that of a patentee." (Id. at 5.) This Court finds Bilco's argument to be unpersuasive. Any threats of litigation made by Swindell are toothless in nature, as he retains no interest in the patent and therefore has no standing to bring suit for infringement. For an actual controversy to exist, Swindell must be said to have a legal interest in the patent, and not just appear to others to be "interested" in the patent. Bilco does not contend that the former is true. Therefore, as Swindell contends and Bilco does not refute that Swindell lacks any legal interest in the patent in question, this Court finds that it lacks jurisdiction to enter declaratory judgment against Swindell. See Gen-Probe, Inc. v. Vysis, Inc., 359 F.3d 1376, 1379 (Fed. Cir. 2004) ("The Declaratory Judgment Act only supports jurisdiction in the event of an 'actual controversy.'").

**IV.  CONCLUSION**

This Court finds that it lacks jurisdiction to enter declaratory judgment against Swindell.[1] This Court will therefore grant Swindell's motion to dismiss Counts One and Two of the counterclaims asserted against him by Bilco. Count Three, alleging tortious interference with prospective economic advantage, will remain. An accompanying Order shall issue today.


Dated: October 6, 2006                                s/ Robert B. Kugler

                                                                                     ROBERT B. KUGLER
                                                                                     United States District Judge

---

[1] So holding, this Court need not reach Swindell's argument that these counterclaims against him should be dismissed for failure to state a claim.