(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| NESEA CONSTRUCTION, INC., et al., | : | |
| Plaintiffs, | : | Civil No. 03-2111 (RBK) |
| v. | : | **OPINION** |
| THE BILCO COMPANY, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendant The Bilco Company ("Bilco"), seeking an award of summary judgment against plaintiffs NESEA Construction, Inc., David/Randal Associates, Inc., and Safety Rail Source, LLC,[1] in this action filed by NESEA alleging infringement of U.S. Patent. No. 6,167,659 ("the '659 Patent"). For the reasons set forth below, this Court will deny Bilco's motion.

**I.   BACKGROUND**

This action involves NESEA's allegation of Bilco's infringement of the '659 Patent, as

---

[1] As the latter two plaintiffs are licensees under the patent agreement, this Court will refer to plaintiffs collectively as "NESEA."

reissued on March 21, 2006.  The '659 Patent is one for a "roof or access hatch safety railing system."  In the motion presently before this Court, Bilco moves for summary judgment on the grounds that the '659 Patent is invalid.  Specifically, Bilco draws this Court's attention to certain "prior art" under 35 U.S.C. § 102, which it claims invalidates the '659 Patent for anticipation, or alternatively for obviousness pursuant to 35 U.S.C. § 103.

## II.  STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to

material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, Bilco is seeking to have this Court hold the '659 Patent invalid. A patent is presumed to be valid; therefore, Bilco bears the burden of showing, by clear and convincing evidence, that it is not. Eli Lilly & Co. v. Barr Laboratories, Inc., 251 F.3d 955, 962 (Fed. Cir. 2001). Applying this burden to the standard for summary judgment, Bilco must therefore "submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." Id.

### III.  ANALYSIS

#### A.  Anticipation

Bilco claims that the '659 Patent is invalid because its claims are anticipated. Bilco claims that NESEA is not entitled to a patent on its invention, as it was "described in a printed publication in this or a foreign country . . . more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). Specifically, Bilco argues that pictures of the scuttle hatch and safety railings of the U.S.S. Ostfriesland, a German battleship that was taken over and subsequently commissioned by the United States Navy in 1920, are and have been publicly available in this country's National Archives from well before the date of the '659 Patent application. Alternatively, Bilco asserts that the '659 Patent is invalid, as it was "in public use or on sale in this country, more than one year prior to the date of the application for

patent in the United States." Id. Specifically, Bilco claims that the U.S.S. Ostfriesland's scuttle hatch and safety railings were viewed by the public in 1920. Bilco states that the application for the '659 Patent was filed on February 3, 1999.

The Federal Circuit has stated that "[a] determination that a patent is invalid as being anticipated under 35 U.S.C. § 102 requires a finding that 'each and every limitation is found either expressly or inherently in a single prior art reference.'" PIN/NIP, Inc. v. Platte Chem. Co., 304 F.3d 1235, 1243 (Fed. Cir. 2002) (quoting Celeritas Techs. Inc. v. Rockwell Int'l Corp., 150 F.3d 1354, 1360 (Fed. Cir. 1998)). As is stated above, Bilco must set forth clear and convincing evidence to meet its burden of showing anticipation. Questions of anticipation are questions of fact. Schumer v. Laboratory Computer Systems, Inc., 308 F.3d 1304, 1315 (Fed. Cir. 2002).

1. Photographs

Bilco contends that photographs of the safety railings aboard the U.S.S. Ostfriesland are publicly available in the National Archives, and that these photographs depict a mechanism that is identical to that claimed in the '659 Patent.[2] Bilco attaches these photographs as exhibits to its brief. Bilco further submits a declaration by Holly Reed, an Archives Specialist at the National Archives and Records Administration, who states that the photographs were received by the National Archives in 1943 and then processed and briefly described. (Def.'s Reply Br. Reed Decl. ¶¶ 6, 8.) The declaration further states that a description of the photographs was made available to the public and that a description of the photographs was made available online in 1990. (Id. at ¶¶ 12-13.)

---

[2] While NESEA disputes the admissibility of these photographs, this Court finds that Bilco has adequately introduced this evidence pursuant to Fed. R. Evid. 901 and 902.

Before determining whether the pictures depict the railings claimed by the '659 Patent to the extent that the photographs would be deemed enabling and therefore a bar to patentability, this Court must first determine whether the photographs are a "printed publication" that qualifies as prior art under § 102(b). The Federal Circuit has stated that "the question to be examined under § 102(b) is the accessibility to at least the pertinent part of the public, of a perceptible description of the invention, in whatever form it may have been recorded. Access involves such factual inquiries as classification and indexing." In re Wyer, 655 F.2d 221, 226 (Fed. Cir. 1981). Accordingly, a "printed publication" can be found "upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it and recognize and comprehend therefrom the essentials of the claimed invention without need of further research or experimentation." Id. (quoting I.C.E. Corp. v. Armco Steel Corp., 250 F. Supp. 738, 743 (S.D.N.Y. 1966)); see also Bruckelmeyer v. Ground Heaters, Inc., 445 F.3d 1374, 1378 (Fed. Cir. 2006) (stating that public accessibility requires that "a person of ordinary skill in the art interested in the subject matter of the patents in suit and exercising reasonable diligence would have been able to locate [the printed publication]").

In this matter, Bilco has failed to make such a showing. Bilco's assertions are limited to stating that the photographs are publicly available and are "indexed without restriction." (Def.'s Br. at 7.) Bilco sets forth no evidence, however, that one skilled in the art of safety railings such as that claimed by the '659 Patent, exercising reasonable diligence, would have located these photographs. Rather, NESEA submits a declaration by Harold L. Swindell, III, the named inventor on the '659 Patent. Swindell states that he has "been involved in the roofing and safety

business for more than eight years and [has] made several inventions relating to safety rails." (Pl.'s Br. Swindell Decl. ¶ 2.) Swindell further states that "[w]hen developing or designing a roof safety product, I would never think to conduct research on battleships. I certainly would never think to go to a library or to the National Archives to look for photographs of battleships." (Id. at ¶ 4.)

Bilco counters these statements by Swindell by noting that "[a]ccessibility goes to the issue of whether interested members of the relevant public could obtain the information if they wanted to. If accessibility is proved, there is no requirement to show that particular members of the public actually received the information." Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1569 (Fed. Cir. 1988). The mere fact that Swindell claims to have not seen these photographs does not affect the '659 Patent's validity; indeed, even if this Court were to determine that nobody were to have actually viewed the photographs, such a finding would not necessarily preclude a finding that they were publicly available. However, Swindell, as one skilled in the art, provides evidence to bolster NESEA's claim that the photographs would not be located by the reasonably diligent efforts of one skilled in the art. Bilco proffers no evidence to counter this assertion. Accordingly, this Court finds that Bilco has failed to meet its burden of showing, by clear and convincing evidence, that these photographs were printed publications that constitute prior art under § 102, as Bilco has failed to offer any evidence to show that one skilled in the art of safety railings such as those claimed by the '659 Patent, exercising reasonable diligence, would have located these photographs.

  B.  Public Use

Bilco further contends that the public was invited to view the U.S.S. Ostfriesland in 1920,

far more than a year before the '659 Patent application was filed.  Again, however, Bilco's evidence to corroborate this assertion is lacking.  In support of this contention, Bilco submits as exhibits to its brief several articles from the New York Times.  These articles suggest that the U.S.S. Ostfriesland and other ships were brought to New York in August of 1920 and that "[v]isitors will be welcomed in the afternoon on all the ships during the fleets' stay here." (Def.'s Br. Ex. K.)

      The articles, however, do not suggest that visitors were necessarily able to view or inspect the safety railings aboard the U.S.S. Ostfriesland.  When considering whether a public use has occurred, a court is to consider the nature of the public activity and the extent of the public's access.  Allied Colloids v. American Cyanamid Co., 64 F.3d 1570, 1574 (Fed. Cir. 1995).  Nowhere in the articles is it suggested that visitors were given the ability to tour all parts of the ship.  Indeed, while the article prospectively states that visitors will be allowed to view the ship, no article submitted by Bilco describes a visitor's experience or what visitors were able to view.  While it is wholly possible that visitors were able to view and use the access hatch and safety railings, this Court cannot find that Bilco has presented clear and convincing evidence that this did in fact transpire.  Accordingly, this Court holds that Bilco has failed to meet its burden in demonstrating by clear and convincing evidence that the U.S.S. Ostfriesland's safety railings were in public use or on sale in this country more than a year prior to the filing of the '659 Patent application.

      B.    <u>Obviousness</u>

      Alternatively, Bilco argues that the '659 Patent is valid for obviousness.  Pursuant to 35 U.S.C. § 103(a), "[a] patent may not be obtained though the invention is not identically disclosed

or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Bilco asserts that any slight differences between the prior art contained aboard the U.S.S. Ostfriesland and the claims made by the '659 Patent fall within the parameters of § 103. However, as this Court has stated above, it has found that the railings aboard do not meet the criteria to constitute prior art under § 102, thereby negating Bilco's argument for obviousness under § 103.

### IV.   CONCLUSION

Based on the foregoing reasoning, this Court will deny Bilco's motion for summary judgment. The accompanying Order shall issue today.


Dated: June 25, 2007                                           s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge